NICHOLS & SHEPARD COMPANY v. WILLIAM GERLICH and Another.[1]

November 29, 1901.

Nos. 12,832—(80).

**Findings—Evidence.**

> Evidence examined and considered, and *held* not so clearly and palpably against the findings of the trial court as to warrant this court in setting such findings aside.

Action in the district court for Blue Earth county by plaintiff, a judgment creditor of defendant William Gerlich, to set aside a conveyance of real estate made by him to defendant Catherine Gerlich as being in fraud of creditors, and to establish the lien of plaintiff's judgment upon the premises. The case was tried before Cray, J., who found in favor of defendants. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*A. E. Clark*, for appellant.

*W. E. Young* and *W. R. Geddes*, for respondents.

BROWN, J.

This was an action to set aside an alleged fraudulent conveyance of real property, and for judgment declaring a judgment against the grantor a specific lien thereon. Defendants had judgment in the court below, and plaintiff appealed from an order denying a new trial.

The facts are short: In August, 1898, William Gerlich was the owner of one hundred acres of land in Blue Earth county, and also the owner of a number of horses and other personal property. On the credit of this property he purchased of plaintiff a threshing-machine outfit for the consideration of $1,500, making and delivering in payment therefor his promissory notes for that

[1] Reported in 87 N. W. 1120.

amount, the payment of which was secured by chattel mortgage upon the machine. In September following the purchase of the machine, Gerlich executed and delivered to his mother, one of the defendants, a deed of the land so owned by him for the expressed consideration of $4,100. This deed was retained by the mother until December, 1898, three months after its execution, when it was recorded in the office of the register of deeds. The actual consideration for the conveyance of such land appears from the evidence to have been the assumption on the part of the mother of the payment of the sum of $1,100, the amount due on a mortgage theretofore executed upon the land by the son, the payment of other debts and obligations of the son, and the subsequent transfer by the mother to him of a tract of forty acres of land owned by her. The transfer of the forty-acre tract was not made until December, 1899.

Subsequent to the record of the deed from the son to the mother, plaintiff brought an action against him to recover the indebtedness due on the threshing-machine debt, attached and levied upon the land so conveyed, in which action judgment was thereafter recovered against the son for the balance due on such debt. On the claim and contention that the transfer from the son to the mother was without consideration, and for the purpose of hindering and defrauding creditors, this action was brought in aid of the attachment proceedings, to set aside the conveyance, and for judgment declaring the levy under the attachment and the judgment rendered in that court a specific lien upon the land.

The only questions contested in the court below were (1) whether the transfer and conveyance by the son to the mother was intended by the son to hinder and defraud his creditors, and (2) whether the mother knew of and participated in such fraudulent intent and purpose. The trial court found adversely to plaintiff upon both questions, finding that there was no fraudulent intent in the conveyance of the land to the mother, and that she had no notice of, and did not participate in, any such fraudulent purpose.

We were strongly impressed on the argument that the trial court ought to have found the transaction fraudulent, and granted plaintiff the relief prayed for; but upon further reflection, and a

careful consideration of the evidence in the light of the rules by which we are guided and controlled in disposing of questions of the kind, we conclude, though not without great hesitation, that the findings of the trial court cannot be disturbed. The evidence is not so clearly and palpably against them as to warrant this court in setting them aside. The learned judge below had the witnesses before him, with opportunity to observe their demeanor and conduct on the stand. He was surrounded by the atmosphere of the trial, and had every advantage in passing upon the credibility of the witnesses and the truthfulness of their testimony. The transaction, it is true, is surrounded by very strong earmarks of fraud, but we are unable to point out wherein the evidence is clearly, palpably, and manifestly against the findings. No presumption of fraud arises from the relationship of the parties. Such relationship furnishes at most but a suspicion in that direction, and is by no means conclusive. And, while it is true that every inference is to be made against the good faith of the transaction, after a careful consideration of the whole record, we are unable to concur with appellant that the findings are palpably against the evidence.

The suggestion that a part of the consideration for the conveyance of the land, namely, the transfer of the forty acres by the mother to the son, was not made until after the discovery by her of the fraudulent intent of the son in conveying the land to her, is disposed of by the findings of the court that the son had no such intent or purpose in making the conveyance. If that finding had been otherwise, and to the effect that the son did intend to defraud his creditors, then the fact that the mother paid a portion of the consideration subsequent to acquiring knowledge of such fraudulent intent, even though she did not originally participate in it, would not relieve her, and would render the land liable to the claims of creditors to the extent of the unpaid purchase price of the property; but the findings of the court that there was no fraud in the first transfer takes this feature out of the case, and renders it of no importance. If the transfer by the son was without fraud, it is not important that a full consideration for the land was not paid; the transaction was perfectly valid. It is sufficient that the

consideration was valuable and adequate, and this the court below found was paid.

The assignment of error covering the alleged erroneous admission of evidence has been fully considered, and we find no reversible error in the rulings of the court on this subject. While it is true that it is not competent for witnesses to testify to the intentions of other persons, the admission of such evidence in this case, to the effect that William Gerlich intended to get married, was clearly not prejudicial to plaintiff and is not ground for a new trial.

Order affirmed.